IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Daniel L. Rittner, | Case No. 3:17 CV 1974 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Melissa Bartlet, et al., | |
| Defendants. | |

Plaintiff *pro se* Daniel Rittner filed this Complaint under 42 U.S.C. § 1983 against Melissa Bartlet, Crystal Ester, David Lin, Carlos Perez, and Jamey Wildman (employees of Allen Correctional Institution), and Andrew Eddy, John Gardner, and Roger Wilson (affiliated with the Ohio Department of Rehabilitation and Correction). Plaintiff alleges Defendants discriminated against him because of his disability. He seeks monetary damages.

## BACKGROUND

The Complaint is divided into five parts. In the first part, Rittner contends he made a written request to Bartlet in November 2016 to attend a re-entry program titled "T.E.P." (Doc. 1 at 4). He states Bartlet informed him he would not be permitted to participate in the program unless he agreed to attend all the sessions. He claims his medical conditions make it difficult for him to meet these requirements, and this restriction was a violation of the Americans with Disabilities Act (ADA).

In the second part of his Complaint, Rittner indicates that in March 2015, he submitted a request for an accommodation to Ester to allow him to wear sunglasses any time and anywhere (*id.* at 5). He claims medical doctors issued these orders for him in July 2006 and April 2011. Ester disputed Rittner had a valid, current prescription and denied the request. Rittner and Ester engaged

in a verbal altercation, and Ester advised she would send him to segregation if he continued to argue with her. Rittner contends Ester violated the ADA.

The third part of the Complaint alleges Rittner submitted a request for accommodation for help carrying his food tray due to osteoarthritis in his hands (*id.* at 6). Ester and Wildman denied the request, and Wilson denied the appeal of his grievance. Rittner asserts claims for violation of the ADA and retaliation.

In the fourth part of the Complaint, Rittner contends federal Judge James Carr found prison officials violated his rights under the ADA when they refused to provide him with a second hearing aid (*id.* at 7–8). He cites to *Rittner v. Williams*, No. 13 CV 1345 (N.D. Ohio Mar. 29, 2017) (Doc. 139 at 19) as the supporting decision.[1] He also contends he was transferred to an institution that offers a sex offender program in retaliation for some unspecified action. In July 2017, Rittner refused to attend the Comprehensive Sex Offender Program in part because prison officials did not provide him with a second hearing aid (*id.* at 8; Doc 1-7). He claims this was a violation of Judge Carr's order and a violation of the ADA.

In the final part of his Complaint, Rittner contends he requested an ADA accommodation for arthritis in August 2014 (*id.* at 8). He states he sent this request to an individual who is not named as a Defendant in this action. That individual denied his request. He indicates he received a response from Wilson on this appeal in September 2015. Rittner asserts, without explanation, that Ester and Wilson violated his Fourteenth Amendment right to have his grievances heard in a timely and meaningful manner.

---

[1] This Court is unable to find any decision by Judge Carr ruling that prison officials violated the ADA by refusing to provide Rittner with a hearing aid. The case Rittner cites is still pending, and the specific document cited is his own request for an interlocutory appeal. There is no page 19 in that document. Even if such a document exists, Rittner would have to pursue enforcement of that order through the case before Judge Carr.

**DISCUSSION**

Under 28 U.S.C. § 1915(a), this Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file a complaint. *Id.* § 1915(b). When an inmate seeks pauper status, the only issue for the court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. *Id.* § 1915(g). This "three strikes" provision applies to parolees and individuals on post-release control who, like Rittner, are confined to a halfway house or other treatment facility as a condition of their release. *See Jackson v. Johnson,* 475 F.3d 261, 265–67 (5th Cir. 2007); *Wilson v. U.S. Att'y Gen. Office*, 2009 WL 3872144, at *1 (E.D. Mich. 2009).

The three-strikes provision will not apply, however, if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). To determine whether the Complaint satisfies this exception, this Court considers whether Rittner was in imminent danger at the time it was filed. *Id.* ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it instructs that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, "[a]ssertions that

3

the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012).

Rittner has accumulated three strikes within the meaning of Section 1915(g). *See Rittner v. Dennis*, No. 04 CV 7585 (N.D. Ohio Nov. 15, 2004); *In Re: Rittner*, No. 17 MC 46 (N.D. Ohio Oct. 23, 2017); *Rittner v. Perez*, No. 17 CV 1862 (N.D. Ohio Jan. 1, 2018). This Court therefore must decide whether Rittner has adequately pled that he was under "imminent danger of serious physical injury" at the time this Complaint was filed. Rittner alleges he was denied an ADA accommodation in August 2014, denied accommodations to wear sunglasses and to have another inmate carry his food tray in March 2015, denied acceptance into a re-entry program in November 2016, and denied a hearing aid in July 2017. Most of these requests were made one to three years before Rittner filed the Complaint. The only claim describing recent events relates to Rittner's placement in segregation for refusing to attend a mandatory sex offender program when he was denied a second hearing aid. None of these claims involve a threat of imminent physical injury. Accordingly, this Court finds the "imminent danger" exception to Section 1915(g) does not apply.

## CONCLUSION

The Motion to Proceed *In Forma Pauperis* (Doc. 2) is denied, and the other pending Motions (Docs. 3, 4) are denied as moot. This action is dismissed without prejudice under 28 U.S.C. § 1915(g). If Plaintiff wishes to proceed with this action, he must pay the entire filing fee of $400 within thirty (30) days of the date of this Order, and then file a Motion to Reopen the Case. The Clerk's Office shall not accept for filing any further documents unless the filing fee is paid in full.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 28, 2018